IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO THOMPSON,

    Petitioner,

v.   No.   CV 16-0713 LH/CG
        CR 12-3013 LH

UNITED STATES OF AMERICA,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed November 7, 2016. (CV Doc. 8).[1] In the PFRD, the Magistrate Judge concluded that Petitioner Alfonso Thompson was properly sentenced under the Armed Career Criminal Act ("ACCA"), and recommended that his *Motion to Correct Sentence Pursuant to Johnson v. United States and under the Auspices of 28 U.S.C. § 2255*, (CV Doc. 1), be dismissed with prejudice.

The parties were notified that written objections to the PFRD were due within 14 days. (CV Doc. 8 at 9). Petitioner filed *Defendant/Petitioner's Objections to Proposed Findings and Recommended Disposition* (the "Objections"), (Doc. 11), on December 7, 2016. After a *de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in its entirety.

### I. Background

On November 27, 2012, Petitioner was charged with being a felon in possession

---

[1] Documents referenced as "CV Doc. ___" are from case number 16-cv-713-LH-CG. Documents referenced "CR Doc. ___" are from case number 12-cr-3013-LH.

of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months' imprisonment on October 14, 2014. (CR Docs. 2, 91). Petitioner was found to be an armed career criminal based on his prior convictions for attempt to commit a felony, to wit: aggravated battery against a household member (deadly weapon); and two convictions for attempt to commit a felony, to wit: first degree murder (firearm enhancement). (CV Doc. 6 at 1-2).

On June 26, 2016, Petitioner requested review of his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (CV Doc. 1 at 1). The Court referred this matter to Judge Garza to conduct analysis and to make findings of fact and a recommended disposition. (CV Doc. 2). Judge Garza concluded that Petitioner's claim should be dismissed with prejudice because Petitioner was correctly sentenced under the ACCA.

## II.     Objections

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition.  Within fourteen days of being served, a party may file objections to this recommendation.  Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply.  FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings.  Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected.  28 U.S.C. § 636(b)(1)(C).  Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency."  *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *Id.* at 1060.  Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Petitioner argued that his sentence was enhanced based on the residual clause of the ACCA, in violation of his Due Process Rights. Petitioner alleged that his prior convictions for attempted first degree murder only constituted "violent felonies" under the residual clause of the ACCA. (CV Doc. 1 at 3). Because the Supreme Court found the residual clause to be unconstitutional in *Johnson*, Petitioner maintains that he was incorrectly sentenced. (CV Doc. 1 at 3).

After considering the evidence in the record and the relevant law, Judge Garza determined that Petitioner's convictions for attempted first degree murder with a firearm enhancement were correctly classified as "violent felonies" under the ACCA, and, therefore, Petitioner was correctly sentenced. (CV Doc. 8 at 7-8). Accordingly, Judge Garza recommended that Petitioner's Motion be dismissed with prejudice. (CV Doc. 8 at

8-9).

Petitioner filed Objections in which he does not "abandon" his position that attempted first degree murder could be based on felony murder and posits that attempted first degree murder could be "based on a . . . set of facts wherein a defendant intended to commit the crime, began to do an act which was a substantial part of the crime, but failed to do so." (Doc. 11 at 1). The Court will address each argument in turn.

First, in the PFRD Judge Garza explained that New Mexico does not recognize the crime of attempted felony murder. *State v. Price*, 1986-NMCA-036, 726 P.2d 857, 860 (N.M. Ct. App. 1986) (The Court "refus[ed] to accept attempted felony murder as a crime"), *holding modified by State v. Ortega*, 1991-NMSC-084, 817 P.2d 1196 (N.M. 1991). Petitioner does not provide any case law that contradicts *Price*, and admits that *Price* "presents a fairly insurmountable obstacle," (Doc. 11 at n.1). The Court agrees with Judge Garza that New Mexico does not recognize the crime of attempted felony murder. Thus, Petitioner could not have been convicted of attempted felony murder.

Second, Petitioner presents a hypothetical involving poisoning to the Court in order to show that attempted first degree murder does not have to involve physical force. (Doc. 11 at 1-2). However, Petitioner was convicted of attempted first degree murder with a firearm enhancement, so the Court is not persuaded by Petitioner's argument. In finding that this conviction is a violent felony, Judge Garza relied on the Tenth Circuit's holding in *Maldonado-Palma*. In that case, the Tenth Circuit held that "[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force, i.e., 'force capable of causing physical pain or injury to another person.'" *U.S. v.*

*Maldonado-Palma*, 839 F.3d 1244, 1250 (10th Cir. 2016) (quoting *Johnson I,* 559 U.S. at 140)). Petitioner has not provided the Court any new case law or reasoning as to why the Court should not follow the Tenth Circuit's reasoning in *Maldonado-Palma*. Therefore, the Court agrees with Judge Garza that attempted first degree murder with a firearm enhancement is a "violent felony" and Petitioner was properly sentenced under the ACCA.

### III.     Conclusion

The Court finds that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's claims should be dismissed with prejudice. Petitioner's objections are overruled.

For the reasons stated above, **IT IS HEREBY ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (CV Doc. 8), be **ADOPTED**, and Petitioner's *Motion to Correct Sentence Pursuant to* Johnson v. United States *and under the Auspices of 28 U.S.C. § 2255*, (CV Doc. 1), be **DISMISSED WITH PREJUDICE**.

_____
THE HONORABLE LEROY HANSEN
SENIOR UNITED STATES DISTRICT JUDGE