# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALFONSO THOMPSON,

      Movant,

vs.                                                                                                   No. CIV 18-1155 JB\CG
                                                                                                     No. CR 12-3013 JB\CG

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court on Petitioner's Pleading Pursuant to Fed. R. Civ. P. 60(b)(6), filed December 3, 2019 (Doc. 1 in No. CIV 18-1155 JB\CG)(Doc. 125 in No. CR 12-3013 JB\CG)("Second Motion"). The Court dismisses the Second Motion as a second or successive 28 U.S.C. § 2255 motion filed without authorization.

## FACTUAL AND PROCEDURAL BACKGROUND

Movant Alfonso Thompson pled guilty and was sentenced to 180 months of imprisonment for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See Plea Agreement at ¶¶ 3, 8, 13, 24, at 2-3, 5, 8, filed July 2, 2014 (Doc. 75); Judgment in a Criminal Case at 1-2, filed October 20, 2014 (Doc. 92). Thompson filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 26, 2016. See Motion to Correct Sentence Pursuant to Johnson v. United States and Under the Auspices of 28 U.S.C. § 2255, filed June 26, 2016 (Doc. 1 in No. CIV 16-0713 LH\CG)(Doc. 97 in No. CR 12-3013 JB\CG)("First Motion"). In his First Motion, Thompson sought to have his sentence set aside on the basis of the ruling of the Supreme Court of the United States in Johnson v. United States, 135 S. Ct. 2551

(2015)("Johnson"), because he contended he did not have the three required crimes of violence necessary to support an Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), enhancement under 18 U.S.C. § 924(e).  See First Motion at 1, 3-5.  On January 9, 2017, the Honorable Curtis LeRoy Hansen, United States District Judge for the United States District Court for the District of New Mexico, entered a Memorandum Opinion and Order, filed January 19, 2017 (Doc. 12 in CIV 16-0713 LH\CG)(Doc. 107 in No. CR 12-3013 JB\CG)("MOO"), adopting the Proposed Findings and Recommended Disposition, filed November 8, 2016 (Doc. 8 in CIV 16-0713 LH\CG)(Doc. 103 in CR 12-3013 JB\CG)("PFRD"), of of the Honorable Carmen E. Garza, United States Magistrate Judge for the United States District Court for the District of New Mexico, and dismissed Thompson's First Motion, see MOO at 5; Final Judgment at 1, filed January 19, 2017 (Doc. 13 in No. CIV 16-0713 LH\CG)(Doc. 108 in No. CR 12-3013 JB\CG).  In the MOO, Judge Hansen concludes that Thompson's convictions for attempted first-degree murder were force clause offenses, rather than residual clause offenses, and Thompson was not eligible for resentencing under Johnson.  See MOO at 3-5.  Judge Hansen also denied Thompson a certificate of appealability.  See PFRD at 9; MOO at 5.  Thompson then sought a certificate of appealability from the United States Court of Appeals for the Tenth Circuit.  See Notice of Appeal at 1-2, filed February 3, 2017 (Doc. 14 in No. CIV 16-0713 LH\CG)(Doc. 109 in No. CR 12-3013 JB\CG). The Tenth Circuit denied a certificate of appealability, determining that Judge Hansen was correct in concluding that Thompson had failed to demonstrate eligibility for relief under § 2255.  See Order Denying a Certificate of Appealability at 1, 3-8, filed January 9, 2018 (Doc. 27 in No. CIV 16-0713 LH\CG)(Doc. 122 in No. CR 12-3013 JB\CG).  The Supreme Court denied certiorari.

See Letter from Scott S. Harris to Clerk at 1 (dated October 1, 2018), filed October 1, 2018 (Doc. 29 in No. CIV 16-0713 LH\CG)(Doc. 124 in No. CR 12-3013 JB\CG).

Thompson then filed his Second Motion. See Second Motion at 8 (dating Second Motion November 26, 2018). As set out below, the Court construes the Second Motion as a second § 2255 motion to vacate, set aside, or correct by a person in federal custody. In Thompson's Second Motion, he contends:

> Petitioner now posits that the sentence is substantively unreasonable for two reasons, because Mr. Thompson's base offense level is incorrectly calculated and that in fact he does not have the necessary three predicated [sic] offenses as stated in the [Presentence Investigation Report ("PSR")]. In addition no documented evidence was ever produced by the PSR or government that demonstrated petitioner had [sic] intervening arrest associated with the New Mexico convictions. In fact, the record is devoid of these facts ever being presented by any party prior to or during sentencing. Petitioner now offers various mitigating circumstances which justifies removal of the ACCA enhancement because Thompson did not qualify with the necessary three predicated [sic] offenses.

Second Motion at 4.

## **THE LAW GOVERNING SECOND OR SUCCESSIVE § 2255 MOTIONS**

As a threshold matter, the Court must determine whether Thompson's Second Motion is a "true" Rule 60(b) motion, or, instead, a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005)("Gonzalez"); Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). "Under Gonzalez, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction or sentence." See Spitznas v. Boone, 464 F.3d at 1215 (citing Gonzalez, 545 U.S. at 537-38). Conversely, it is a "true" 60(b) motion if it either: (i) challenges only a procedural ruling of the court which precluded a merits determination of the § 2255 motion; or (ii) challenges a defect in the integrity of the § 2255 proceeding, provided that such a challenge does not itself lead

inextricably to a merits-based attack on the disposition of a prior petition. Spitznas v. Boone, 464 F.3d at 1215 (citing Gonzalez, 545 U.S. at 532, 532 n.4). A rule 60(b) motion that asserts or reasserts a federal basis for relief from the underlying conviction or sentence should be treated as second or successive habeas petition. Gonzalez, 545 U.S. at 532.

The statute governing federal habeas corpus proceedings provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Section 2255 states that a Court of Appeals panel must certify a second or successive motion to contain in accordance with § 2244: (i) newly discovered evidence that would be sufficient to establish by clear-and-convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (ii) a new rule of constitutional law that was previously unavailable and that the Supreme Court made retroactive to cases on collateral review. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate Court of Appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3). A district court lacks jurisdiction to consider a second or successive motion absent the requisite authorization. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3); In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). When a second or successive § 2255 motion is filed in the district court without the required authorization from a Court of Appeals, the district court, under 28 U.S.C. § 1631, may dismiss or may transfer the matter to the Court of Appeals if the district court determines it is in the interest of justice to do so. See In re Cline, 531 F.3d at 1252.

## ANALYSIS

The Court determines that Thompson's Second Motion should be considered a second or successive § 2255 motion rather than a rule 60(b) motion. His filing challenges the merits of his underlying criminal sentencing and not a defect in the original § 2255 proceeding. See Spitznas v. Boone, 464 F.3d at 1215. Thompson filed his First Motion arguing that he did not have the three predicate violent crime convictions for an enhanced sentence under 18 U.S.C. § 924(e). See First Motion at 1, 3-5. Judge Hansen dismissed the First Motion on the merits. See PFRD at 1, 4-9; MOO at 1, 3, 5; Final Judgment at 1. Despite the Tenth Circuit's agreement with Judge Hansen's dismissal, Thompson seeks to reargue the invalidity of the ACCA enhancement for a second time. See Second Motion at 3-8.

Thompson's Second Motion does not present any newly discovered evidence undermining his conviction or raise a new rule of constitutional law. See 28 U.S.C. § 2255(h). Although he raises additional arguments, Thompson essentially seeks to relitigate the same issue that his First Motion presents. Thompson has not obtained and likely could not obtain Tenth Circuit authorization to proceed under § 2255 on an issue that has already been raised and adjudicated against him. See 28 U.S.C. §§ 2244(b)(3); 2255(h). Thompson's Second Motion is a second or successive § 2255 motion filed without the requisite authorization.

Thompson has filed his Second Motion without authorization from a Court of Appeals as § 2244(b)(3)(A) requires. The Court lacks jurisdiction to consider his Second Motion absent the requisite authorization. See 28 U.S.C. § 2244(b)(3); In re Cline, 531 F.3d at 1252. When a second or successive § 2255 motion is filed in the district court without the required Court of Appeals authorization, the district court, under 28 U.S.C. § 1631, may dismiss or may transfer the matter

to the Court of Appeals if the district court determines it is in the interest of justice to do so. See In re Cline, 531 F.3d at 1252. Because Thompson has already made an argument that his sentence was improperly enhanced under § 924(e), and the Tenth Circuit approved Judge Hansen's determination that the argument was insufficient to obtain § 2255 relief, the Court concludes that it is not in the interests of justice to transfer this matter to the Tenth Circuit. The Court will dismiss his Second Motion based on lack of jurisdiction.

Last, under 28 U.S.C. § 2253(c)(1), "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. See R. Governing Section 2255 Cases 11. The Court determines that Thompson has not made a substantial showing that he has been denied a constitutional right, because he files an unauthorized second or successive § 2255 motion, see United States v. Moore, 432 F. App'x 762, 764 (10th Cir. 2011)(unpublished)[1](reasoning that a

---

[1] United States v. Moore is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

petitioner did not make a substantial showing of the denial of a constitutional right where, "[u]nder the circumstances of this case, it [was] not debatable that the district court, when presented with an unauthorized second or successive application, correctly dismissed [the motion] for lack of jurisdiction"), and the Court will deny a certificate of appealability.

**IT IS ORDERED** that: (i) Petitioner's Pleading Pursuant to Fed. R. Civ. P. 60(b)(6), filed December 3, 2019 (Doc. 1 in No. CIV 18-1155 JB\CG)(Doc. 125 in No. CR 12-3013 JB\CG), is dismissed for lack of jurisdiction as a second or successive unauthorized §2255 Motion; and (ii) a certificate of appealability is denied.

.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Alfonso Thompson
United States Penitentiary, Victorville
Victorville, California

    *Plaintiff pro se*

John C. Anderson
  United States Attorney
Paige Messec
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Counsel for the Defendant*

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Moore has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.